IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD GRAHAM,

Petitioner

v.                                             Civil Action No. PJM-16-2824

DARYL WEBSTER and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND

Respondents

***

**MEMORANDUM OPINION**

Pending is Petitioner Edward Graham's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming the trial court lacked jurisdiction to convict and sentence him. Respondents filed a limited Answer, which they supplemented at direction of the court, seeking summary dismissal of the Petition. ECF No. 8, 19. Graham opposes dismissal of the Petition. ECF 10, 20.[1] After reviewing the submissions, the Court concludes there is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Petition is DENIED. A Certificate of Appealability shall not issue.

**BACKGROUND AND PROCEDURAL HISTORY**

In this Petition, Graham challenges his 2011 judgment of conviction entered by the Circuit Court for Wicomico County after he pleaded guilty to possession of 28 grams or more of heroin

---

[1] Graham also filed three submissions to supplement his Response. ECF 13, 15, 16.

with intent to distribute (in violation of Md. Code Ann., Crim. Law §5-612 (hereinafter C.L. §))[2] and unlawful possession of a firearm. *State of Maryland v. Edward Norris Graham*, No. 22-K-11-000070 (Cir. Ct. Wicomico Cty).[3] ECF 1, ECF 8-1 at 2.[4] Pursuant to the plea agreement, Graham was sentenced to 20 years of imprisonment with all but ten years suspended for possession of a controlled dangerous substance with intent to distribute and a consecutive 5 year term of imprisonment for unlawful possession of a firearm, for a total executed sentence of fifteen years. ECF 1 at 1, ECF 8-2 at 2; ECF 8-3.

Graham filed an Application for Leave to Appeal his plea and sentence, arguing his plea was not entered knowingly and intelligently because he believed his maximum sentencing exposure was five years imprisonment. ECF 1 at 2; ECF 8-3 at 1-6. On January 13, 2015, the Court of Special Appeals of Maryland denied the Application for Leave to Appeal in a summary per curiam decision. *Graham v. State*, No. 2963 (CSA, September Term 2011); *see also* ECF 8-1 at 16, ECF 8-3 at 7.

During the time his Application for Leave to Appeal was proceeding, Graham filed, on September 30, 2011, a Motion to Correct an Illegal Sentence ("First Motion to Correct"), arguing among other things that his sentence was illegal because it exceeded five years, which he

---

[2] Count One stated that Graham violated C.L § 5-612, by "...unlawfully possess a controlled dangerous substance of Schedule I, to wit: Heroin in sufficient quantity, to wit: 28 grams or more, to indicate an intent to distribute same, contrary to the form of the Act..." ECF 19-1 at 32, 54.

[3] Graham pleaded guilty to Counts One and Six in a ten-count indictment. The state entered a *nolle prosequi* to the remaining charges: Count Two: possession of a controlled dangerous substance with intent to distribute heroin; Count Three: possession of a controlled dangerous substance- heroin; Count Four: possession of a firearm in relation to a drug trafficking crime; Count Five: use, wear, carry and transporting a firearm while engaged in a drug trafficking crime; Count Seven: possession of a handgun during the commission of a felony; Count Eight: wear, carry and transport a handgun upon the person; Count Nine: wear, carry and knowingly transport a handgun in a vehicle; and Count Ten: possession of drug paraphernalia. ECF 8-3 at 2.

[4] All references to page numbers in record citations are to those generated by the Court's electronic case filing system.

2

contended was the maximum sentence for that crime. ECF 8-2 at 3. On October 5, 2011, the Circuit Court for Wicomico County denied the First Motion to Correct. ECF 19-1 at 17. Graham appealed this ruling to the Court of Special Appeals of Maryland, asserting: (1) his sentence for possession of a large quantity of heroin with intent to distribute was illegal because the offense carried a maximum penalty of five years imprisonment; (2) his guilty plea lacked factual basis; (3) his total sentence exceeded the guidelines without justification; (4) the court did not provide reasons for denying his motion; and (5) his consecutive sentence for unlawful possession of a firearm was illegal because both offenses involved substantially the same harm. ECF 8-2 at 2, n. 1 and at 3-4. On December 17, 2013, the Court of Special Appeals of Maryland affirmed the Circuit Court's decision. *Graham v. State,* (No. 1873, Sept. Term 2011); *see also* ECF 8-2 at 5. The mandate issued on January 16, 2014. The Court of Appeals of Maryland denied further review on April 21, 2014. *Graham v. State,* 437 Md. 638 (2014).

On June 15, 2015, Graham filed a pro se Petition for Post Conviction Relief which was later amended by counsel and supported with a memorandum of law. ECF 8-4 at 12-27. Graham's allegations in the Petition included that he was unlawfully convicted of the heroin offense under C.L. §5-612 because he had been charged using language that alleged an "intent to distribute" and his sentence exceeded the maximum sentence. ECF 19-1 at 50-51.[5] The Circuit Court held a hearing on the Post-Conviction Petition on November 19, 2015. ECF 19-1 at 8.

---

[5] Graham alleged in the Petition for Post Conviction Relief that: 1) his trial counsel was ineffective for (a) misadvising him about the consequences of proceeding to trial, (b) failing to file a Motion for Modification of Sentence (c) not moving to withdraw the plea or obtain specific performance, (d) not filing proper Double Jeopardy motions, and (e) not filing a recusal motion; (2) his guilty plea was involuntary because he was misinformed regarding his sentencing exposure by proceeding to trial; (3) his sentence for possessing a large quantity of heroin with intent to distribute exceeded the maximum sentence authorized by statute; 4) he was denied the right to discharge his attorney; (5) he was sentenced pursuant to a repealed statute; (6) he was not advised of his right to withdraw his plea; (7) he was not properly advised of the nature of the charges, the elements of the offenses, and the mandatory penalties; (8) the judge failed to recuse himself; and (9) the police violated his Fourth Amendment rights. ECF 8-4 at 14-26; ECF 19-1 at 50-51.

3

While his Petition for Post Relief was pending, Graham filed another Motion to Correct an Illegal Sentence on May 3, 2016 ("Second Motion to Correct"). Graham argued in the Second Motion to Correct that his conviction under C.L. §5-612 was invalid, and the Circuit Court lacked subject matter jurisdiction over the issue because that count of the indictment, Count One, alleged intent to distribute. The Circuit Court denied the Second Motion to Correct on October 25, 2016, by marginal order. ECF 19 at 8, n. 7; ECF 19-1 at 8.

On October 25, 2016, the Circuit Court also denied Graham's Petition for Post Conviction Relief.[6] ECF 19-1 at 8; ECF 19-1 at 49-64. In rejecting Graham's claim that his conviction under Count One was illegal, the Circuit Court stated:

> Petitioner has asserted two issues under his first allegation of error. The first is that the sentence imposed by the Trial Court was illegal. The second is that the conviction itself was illegal. As to the first issue, the law provides that any allegation of error that has been finally litigated may not be relitigated by a post conviction petition. § 7-106 of the Act. [7] An allegation is "finally litigated" when the Court of Appeals or the Court of Special Appeals makes a decision on the merits on either a direct appeal or upon consideration of an application for leave to appeal. *Hunt v. State*, 345 Md. 122, 165, *cert. denied*, 521 U.S. 1131 (1997). On his appeal to the Court of Special Appeals [from the denial of the First Motion to Correct], Petitioner claimed that his sentence under Count One was illegal. The Court of Special Appeals affirmed the Circuit Court holding that his sentence under Count One was legal. *Edward Graham v. State of Maryland*, unreported No.1873. September Term 2011, filed December 17, 2013. Therefore, the first issue in this allegation has been finally litigated.
>
> The second issue that Petitioner alleges under this section is that the indictment was defective for including outdated language from a version of Section 5-612 of the Criminal Law Article of the Annotated Code of Maryland which was repealed in 2005, several years prior to the conduct from which Petitioner was charged. Namely, the charging document contained the following language: "in sufficient quantity… to indicate an intent to distribute the same." Count One (1) specifically alleged:

---

[6] The opinion was stamped as filed on October 26, 2016, but it was not entered on the docket until October 28, 2016. Respondents' initial Answer to the instant federal habeas petition, filed October 31, 2016, asserted the Post Conviction remained pending; whereas in fact a decision had issued. ECF 19-1 at 9-10. The Court accepts Respondents' explanation of inadvertent error.

[7] *See* Md. Code Ann., Crim. Proc. § 7-101, *et seq* (Uniform Postconviction Procedure Act) and Maryland Rules 4-401-408.

4

> THAT EDWARD N. GRAHAM, on or about the 14th day of January, 2011, in Wicomico County, State of Maryland, did unlawfully possess a controlled dangerous substance of Schedule I, to wit: Heroin in sufficient quantity, to wit; 28 grams or more, to indicate an intent to distribute same, contrary to the form of the Act of Assembly in such cases made and provided, against the peace, government and dignity of the State.

ECF 19-1 at 53-54; *see also* ECF 1 at 8. Graham cited in support *Robinson v. State*, 353 Md. 683, 707 (1999), which held that "where no cognizable crime is charged, the court lacks fundamental subject matter jurisdiction to render a judgment of conviction, i.e., it is powerless in such circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense." ECF 19-1 at 54. The Circuit Court found no merit to the argument:

> Petitioner is correct that the language of intent is not included in Section 5-612 of the Criminal Law Article of the Annotated Code of Maryland. Petitioner is mistaken, however, as to the repercussions of this fact. The legislative notes to Section 5-612 state that "(b) of this section, the former reference to an aggregate act of 'of manufacturing, distribution, dispensing, or possessing with *intent to distribute' is deleted for brevity and as implicit.*" (Emphasis added). Maryland legislation makes it clear that the intent to distribute language in the Volume Dealer statute is perfunctory in its presence. It is implicit and understood that the element of intent to distribute has already been met when a person has satisfied all other elements of the Volume Dealer statute. Petitioner's argument is one of legislative semantics and is without merit. On August 10, 2011, the Petitioner knowingly, intelligently, and voluntarily admitted his guilt to Count One of the criminal indictment. Thus, the Circuit Court for Wicomico County had jurisdiction to adjudicate the offense.

ECF 19-1 at 54-55.

Graham did not file an Application for Leave to Appeal the Circuit Court's decision denying the Petition for Post Conviction Relief.[8]

On November 16, 2016, Graham filed a self-represented notice of appeal specifically stating that he was appealing the October 25, 2016, denial of his Second Motion to Correct. ECF

---

[8] Review from denial of post-conviction relief must be sought by application for leave to appeal, rather than by notice of appeal. *See* Md. Code Ann., Crim. Proc. § 7-109(a).

5

91-1 at 65, 66-105. On January 2, 2018, the Court of Special Appeals issued an unreported opinion affirming the Circuit Court of Wicomico County's denial of Graham's Second Motion to Correct. *See Edward N. Graham v. State of Maryland,* No. 2074, Sept. Term 2016 (filed January 2, 2018). ECF 19-1 at 106-110. In its opinion, the Court of Special Appeals rejected Graham's contention that C.L. §5-612 was repealed in 2005, explaining that "[a]lthough the legislature amended the statute in 2005, it did not repeal it." ECF 19-1 at 108. The Court explained that when Graham pleaded guilty in 2011, C.L. §5-612(a) provided: "A person may not manufacture, distribute, dispense, or possess:…(5) 28 grams or more of morphine or opium or any derivative, salt, isomer, or salt of an isomer of morphine or opium."[footnote omitted] The Court continued:

> [Graham] asserts that the indictment charging a violation of C.L. §5-612 included a notation that appellant possessed more than 28 grams of heroin "to indicate an intent to distribute[.]" He, therefore, claims that his indictment was flawed because an intent to distribute was not an element of the offense. The inclusion of "to indicate an intent to distribute" in appellant's indictment is not fatal to his plea to a violation of C.L. §5-612 because that language was mere surplusage. *See Vines v. State,* 40 Md. App. 658, 661-62 (1978) (classifying inclusion of incorrect section number in indictment as "non-essential and mere surplusage"), *aff'd,* 285 Md. 369 (1979); *Smith v. State,* 35 Md. App. 49, 53 (1977) (noting that inclusion of unnecessary words when indictment fully informed defendant of the charged crime was surplusage").
>
> [Graham] also contends that the court imposed an illegal sentence by imposing a sentence of more than five years, which he believes is the statutory maximum. [Graham] has made this argument before and we rejected it in an unreported opinion. *See Graham v. State,* No. 1873, Sept. Term 2011 [], (filed December 17, 2013) ("He first claims that his sentence for possession of a controlled dangerous substance with intent to distribute is illegal, because the offense 'carries a maximum penalty of 5 years.' We disagree."). Accordingly, this issue has been previously ruled upon and is the law of the case. *See Balt. Cnty. v. Fraternal Order of Police, Balt. Cnty. Lodge No. 4,* 449 Md. 713, 729 (2016) ("'[O]nce an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.'"(quoting *Scott v. State,* 379 Md. 170, 183 (2004))).

ECF 19-1 at 108-109; ECF 8-2. The mandate issued on February 2, 2018. ECF 19-1 at 110.

6

Graham sought further review by filing a Petition for Certiorari in the Court of Appeals of Maryland on February 21, 2018. On April 20, 2018, the Court of Appeals dismissed the Petition as untimely filed. *See Graham v. State,* 454 Md. 587 (2018). The Court also denied his subsequent Motion for Reconsideration. ECF 19-1 at 112, 127, 133.

## QUESTIONS PRESENTED

In his Petition Graham asserts: 1) his conviction and sentence are invalid due to lack of subject matter jurisdiction; 2) his "constitutional and due process and civil rights are being violated";[9] and (3) he was convicted and sentenced under a "repealed statute" in violation of the Ex Post Facto Clause. ECF 1 at 5-6, 8.

## DISCUSSION

At the crux of Graham's Petition, is his contention that he was convicted under a "repealed" state criminal statute, which thereby rendered his conviction and sentence invalid. Respondents counter that Graham's claim may be summarily dismissed because Graham's claim is not cognizable on federal habeas review, was not exhausted before the state courts, was rejected in state court on independent and adequate states grounds as untimely, so that it is procedurally defaulted, and his allegations are without merit.

Respondents explain that prior to 2005, C.L. §5-612 was a sentencing enhancement provision that applied to certain convictions under a separate statute, C.L. § 5-602, which prohibits distributing controlled dangerous substances (CDS) or possessing CDS with intent to distribute. The pre-2005 version of C.L §5-612 provided that a "person who violates [C.L] § 5-602" with amounts of CDS in excess of specified drug-specific thresholds would be subject to the "enhanced

---

[9]Graham does not state what constitutional, due process, and civil rights he is claiming were violated.

7

penalty" of a five-year mandatory minimum sentence." The threshold amount for heroin was 28 grams. *See* C.L. 5-612(a)(5).[10]

In 2005, the Maryland General Assembly amended C.L. §5-612 to make it a "standalone" offense rather than a sentencing enhancement. ECF 19 at 17.[11] As amended in 2005, C.L. §5-612 sets forth as a separate criminal offense that "a person may not manufacture, distribute, dispense *or possess*" particular CDS in amounts at or above the stated thresholds. (Emphasis added). Intent to distribute is not an element of the crime. Intent was not an element of the crime when Graham was charged and convicted. *See Carter v. State*, 236 Md. App. 456, 476-82 (2018) (reviewing history of C.L. § 5-612 and holding that, following the 2005 amendment, "[w]hat had previously been a penalty enhancement was unambiguously made a stand-alone crime" which "does not require an intent to distribute"). Graham argues that because the indictment charged him with possession of heroin "in sufficient quantity, to wit, 28 grams or more, to indicate an intent to distribute the same," it charged him with the pre-2005 offense and not the crime under C.L. 5-612 as amended. ECF 1 at 8; ECF 19-1 at 32. He thus reasons, the trial court lacked jurisdiction to convict him.

## I.  Cognizable Claims on Federal Habeas Review

The habeas statute at 28 U.S.C. § 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment

---

[10]Respondents note that C.L. § 5-612(a)(5) has always provided that the statute applies in connection with "28 grams or more of morphine or opium or any derivative, salt, isomer, or salt of an isomer of morphine or opium." Heroin is an opium derivative, as classified in Schedule I of the Maryland Controlled Dangerous Substances Act. *See* C.L. § 5-402(c)(11). ECF 19 at 3, n. 1.

[11]Respondents explain the statute was amended in response to *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court held that imposition of an enhanced penalty based on facts not admitted by the defendant or found by a jury violates the right to trial by jury. *See* 2005 S.B. 429, Fiscal Note at 2-3, *available at* http://mgaleg.maryland.gov. (visited June 27, 2019). ECF 19 at 17. Graham appears to recognize the history of the statute in his brief submitted on appeal from the denial of his Second Motion to Correct. ECF 19-1 at 70.

8

of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

Because they are governed by state law, state jurisdictional issues generally do not fall within the scope of the Constitution, laws, or treaties of the United States. *See Wright v. Angelone*, 151 F.3d 151, 156–158 (4th Cir.1998) (noting that a claim "when pared down to its core rests solely upon" interpretation of state law and statutes, "it is simply not cognizable on federal habeas review"). Further, "defects in an indictment do not deprive a court of its power to adjudicate a case…[and] 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (quoting *United States v. Williams*, 341 U.S. 58, 66 (1951)). As the decisions of the Maryland courts as summarized above clearly demonstrate, the language about "intent to distribute" in Graham's indictment was mere surplusage. As a matter of state law, the indictment was not infirm, nor did it deprive the court of jurisdiction to convict and sentence Graham pursuant to his guilty plea. Accordingly, Graham's claims, so premised, fail to state a cognizable claim for federal habeas review.

Insofar as Graham claims he was convicted and sentenced under a "repealed statute" in violation of the "Ex Post Facto Clause, " (ECF 1 at 8), the Court shall treat this claim as referring to Article I, § 10 of the Constitution, which provides the states may not pass any *"ex post facto*

9

Law."[12] The *ex post facto* clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *See Collins v. Youngblood*, 497 U.S. 37, 43 (1990). In addition, it bars a retroactive enactment that increases the punishment for a crime after it has been committed. *See Garner v. Jones,* 529 U.S. 244, 249 (2000); *see also Jones v. Murray,* 962 F.2d 302, 309 (4th Cir. 1992) (same). Graham provides no argument nor cites to any federal precedent in support of his otherwise conclusory assertion. Moreover, Graham was charged and convicted under C.L. in its post-2005 amended form. The amended version of the statute was not applied to him retroactively.

Additionally, had Graham asserted a cognizable federal claim, he did not exhaust it before the Maryland courts.

## II. Exhaustion

The exhaustion doctrine, codified at 28 U.S.C. § 2254(b)(1),[13] "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution." *Rose v. Lundy,* 455 U.S. 509, 518 (1982)(alteration in original)(internal citations and quotation marks omitted). Moreover, "it would be unseemly in our dual system of government for a federal district court to upset a state court

---

[12]The Maryland Constitution, Declaration of Rights, Article 17 contains a provision prohibiting ex post facto laws (prohibiting "retrospective laws, punishing acts before the existence of such Laws").

[13]Section 2254(b)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) The applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

conviction without an opportunity to the state courts to correct a constitutional violation ...." *Id.* Thus, the *Rose* Court cautioned litigants, "before you bring any claims to federal court, be sure that you first have taken each one to state court." *Id.* at 520; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").

In *O'Sullivan*, the Supreme Court stated: "To ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." 526 U.S. at 848 (internal citation omitted); *see also id.* at 844 ("Section 2254(c) requires only that state prisoners give the state courts a *fair* opportunity to act on their claims."). The inquiry, then, is "[w]hether a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has *properly* presented his claims to the state courts. Because we answer this question 'no,' we conclude that [petitioner] has procedurally defaulted his claims." *Id.* at 848. Stated differently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. The *O'Sullivan* Court noted, however, that:

> In this regard, we note that nothing in our decision today requires the exhaustion of any specific remedy when a State has provided that that remedy is unavailable. Section 2254(c), in fact, directs federal courts to consider whether a habeas petitioner has "*the right under the law of the State to raise, by any available procedure,* the question presented." (Emphasis added.) The exhaustion doctrine, in other words, turns on an inquiry into what procedures are "available" under state law. In sum, there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available.

*Id.* at 847-48; *see also Breard v. Pruettt*, 134 F.3d 615, 619 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 375 n.1 (1991)) ("A procedural default also occurs when a habeas petitioner fails to exhaust available State remedies and 'the court to which the petitioner would be required to present

11

his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'").[14]

When a claim is procedurally defaulted, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show: (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that failure to consider the claim on the merits would result in a fundamental miscarriage of justice, *i.e.*, the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S 478, 495-96 (1986). "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in State court at the appropriate time.'" *Breard*, 134 F.3d at 620. In order to demonstrate prejudice, a habeas petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 (quoting *Frady*). Even when a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

When presenting his lack of jurisdiction claim before the State courts of Maryland, Graham presented them as violations of state, no federal law. In his Second Motion to Correct and on appeal from its denial, he based his arguments on state statutes and state law.[15] ECF 19-1 at 46-48, 67. Similarly, in his Petition for Post Conviction Relief, Graham premised his claims that the

---

[14] A procedural default may also occur when a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent State procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Breard*, 134 F.3d at 619.

[15] Graham cited *Blakely v. Washington, supra* to explain why the Maryland General Assembly amended C.L. §5-612 and *United States v. Evans*, 333 U.S. 483, 485 (1948), which he cited as instructive. ECF 19-1 at 70, 73.

12

trial court lacked jurisdiction and the sentence imposed was illegal on state law. ECF 8-4 at 2-4, 32-36. Graham presented no claim based on the ex post facto clause in these submissions.

Under these facts, the Court finds that Graham did not properly exhaust a federal claim in state court, and because he can no longer exhaust the claim, it is procedurally defaulted. The procedural bar, provides an independent and adequate state-law ground for the conviction and sentence, thus preventing federal habeas review of the claim.

It bears noting too that had Graham argued a federal claim before the state courts, it would be procedurally defaulted on another ground. Graham presented his claims before the state courts in his Post Conviction Petition and in his Second Motion to Correct. Graham did not file an application for leave to appeal the Circuit Court's denial of the Petition for Post Conviction Relief, thereby defaulting the claims asserted in the Petition. *See O'Sullivan*, 526 U.S. at 847 (finding procedural default where the time for filing an appeal in state court had passed). To be sure, Graham appealed the denial of the Second Motion to Correct to the Court of Special Appeals, which ruled on the merits of his claims. Graham, however filed his Petition for Certiorari after the filing deadline, it was dismissed by the Court of Appeals "on the grounds of lateness." ECF 19-1 at 127.

In his Reply, Graham does not show cause and prejudice or a miscarriage of justice sufficient to excuse the procedural default. ECF 20; *see also* ECF 10. Graham does not suggest that an external factor hindered him from presenting a federal claim before the state courts or from filing a timely petition for certiorari in the Court of Appeals. Moreover, Graham does not show prejudice because his conviction is predicated on whether he possessed the requisite amount of heroin, an amount he admitted in his guilty plea, regardless of whether he intended to distribute it.

Graham makes no sufficient allegation of actual innocence to suggest a fundamental miscarriage of justice to excuse procedural default. Accordingly, the Court will deny and dismiss the Petition.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as is the case here, a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability.[16]

## CONCLUSION

For these reasons, the Court will in a separate Order to follow, DENY and DISMISS the Petition. A certificate of appealability will not issue.

September 6, 2019

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[16] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.